IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK RANDELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No: 3:14-CV-02696-L |
| | § | |
| DEUSTCHE BANK TRUST COMPANY | § | |
| AMERICAS, AS TRUSTEE FOR | § | |
| RESIDENTIAL ACCREDIT LOANS, INC., | § | |
| MORTGAGE ASSET-BACKED | § | |
| PASS-THROUGH CERTIFICATES | § | |
| SERIES 2006-QS8, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit

Loans, Inc., ("Defendant") has filed a Rule 12(c) Motion for Judgment on the Pleadings in this

civil action brought by Plaintiff Mark Randels ("Plaintiff") arising out of foreclosure proceedings

initiated against his home in Dallas, Texas. For the following reasons, Defendant's motion should

be granted in its entirety.

**Background**

In his Original Petition, Plaintiff alleges that he obtained a home equity loan from Sierra

Pacific Mortgage Company, Inc. ("Sierra") on March 24, 2006. Plf.'s Orig. Pet. (Doc. 1, Ex. C1)

at 2, ¶ 7. The Home Equity Note was in the amount of $251, 200.00. Def.'s Mot. J. on Pleadings

(Doc. 10 Ex. 1). On or about April 25, 2006, Sierra filed a Deed of Trust instrument recorded

under Document Instrument No.: 200600151125, which Sierra assigned to Defendant. Plf.'s Orig.

Pet. (Doc. 1, Ex. C1) at 2, ¶ 8-9. On November 13, 2013, Defendant filed an Application for

1

Expedited Foreclosure Order under Tex. R. Civ. P. 736. *Id.* at 2, ¶ 10. Defendant claims Plaintiff

had not made payments on the note secured by the Deed of Trust since December 1, 2012. *Id.* at

2-3, ¶ 10. Plaintiff alleges that he had been working with Defendant's authorized agent, Ocwen

Loan Servicing, L.L.C. ("Ocwen") on a loan modification. *Id.* at 2, ¶ 11. Plaintiff alleges that the

modification was not done in writing because, while working with Ocwen, he received inaccurate

and conflicting information making it impossible to ascertain his rights and obligations under the

loan documents. *Id.* at 3, ¶ 11. The state court issued an order granting expedited foreclosure on

May 23, 2014, and Defendant filed notice of a foreclosure sale set for July 1, 2014. *Id.* at 3, ¶ 12.

Plaintiff filed suit in Dallas County 44th District Court on June 30, 2014, and Defendant timely

removed this action to federal court on July 28, 2014. Notice of Removal (Doc. 1).

Defendant now moves pursuant to Fed. R. Civ. P. 12(c) for Judgment on the Pleadings.

Def.'s Mot. J. on Pleadings (Doc. 10) at 1. Defendant asserts that the statute of frauds applies to

Plaintiff's claims for promissory estoppel and declaratory relief involving a promise to modify the

terms of a loan agreement greater than $50,000, and therefore any promise regarding the loan

agreement must be in writing to be enforceable. *Id.* at 4, ¶ 12. Defendant also asserts that when

the statute of frauds bars an oral promise, Plaintiff must allege Defendant promised to sign a

written document *in existence* at the time. *Id.* at 3, ¶ 8, 10. Plaintiff failed to file a response to

Defendant's motion. Accordingly, the court considers the motion without the benefit of a

response.

### Legal Standard

A Rule 12(c) motion is governed by the same standards that apply to a Rule 12(b)(6) motion

to dismiss. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). To survive

dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that

is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level [.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

Defendant argues that Plaintiff's claims are barred by the statute of frauds. Under Tex. Bus. & Com. Code § 26.02(b), "a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *See also Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013) (holding an agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid). A "loan agreement" includes any agreement or promise when a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Tex. Bus. & Com. Code § 26.02(a)(2). Thus, "[a]n agreement to modify a loan . . . is subject to the statute of frauds." *Miller v. Citimortgage, Inc.*, 970 F.Supp.2d 568, 581 (N.D. Tex. 2013) (Lindsay, J.). Plaintiff's Original Petition only alleges that Ocwen orally modified the terms of his loan, which was for an

amount in excess of $50,000. Plf.'s Orig. Pet. (Doc. 1, Ex. C1) at 3, ¶ 11. Plaintiff's promissory estoppel claim thus fails because Plaintiff has failed to allege that Ocwen promised to reduce its alleged oral representations to writing. *See Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (holding promissory estoppel claim unavailing because plaintiff has *failed to allege* or introduce evidence that Ocwen promised to reduce its alleged oral representations into writing) (emphasis added). Further, because Plaintiff has not responded to Defendant's motion, there is no argument before the court concerning any exception to the statute of frauds. Taking the Plaintiff's allegations as true, the Court holds that because there was no written agreement to delay foreclosure, the statute of frauds and Tex. Bus. & Com. Code Ann. § 26.02(b) bars Plaintiff's promissory estoppel claim. *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458-L, 2015 WL 1808541, at *3 (N.D. Tex. Apr. 21, 2015). Because Plaintiff has failed to plead a plausible substantive claim against Defendant, judgment is also appropriate as to Plaintiff's request for declaratory relief. *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 754-55 (N.D. Tex. 2013).

### Recommendation

For the foregoing reasons, Defendant's Rule 12(c) Motion (Doc. 9) should be GRANTED, and the District Court should dismiss Plaintiff's claims against Defendant in their entirety.

SO RECOMMENDED, June 19, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).